DANIELS, J., concurred; VAN BRUNT, P. J., concurred in the result.

Order reversed and the attachment vacated, with ten dollars costs and disbursements of this appeal.

---

HENRY WITTENBROCK, PLAINTIFF, v. L. MABINS AND P. C. DRESCHER, DEFENDANTS.

*Witness, examination of, under a foreign commission — when he " sojourns" within this State within the meaning of section 916 of the Code of Civil Procedure.*

A person who resides in the State of New Jersey, but carries on his business in the county and State of New York, "sojourns," within the meaning of section 916 of the Code of Civil Procedure, within the county of New York, and is properly required to make his deposition in that county when subpœnaed to give his deposition under a commission, issued out of the court of another State. (VAN BRUNT, P. J., dissenting.)

APPEAL by Egbert Uchtmann, a witness subpœnaed to be examined under a commission issued in the above-entitled action, from an order entered in the office of the clerk of the county of New

York on the 17th day of April, 1890, denying his motion to vacate and set aside a subpœna or summons issued therein and directing him to appear before the commissioner, in said commission named, at his office in the city of New York, to there give his testimony as a witness in the above-entitled action.

*Henry C. Willcox*, for the appellant.

*A. B. Porter*, for the respondent, Wittenbrock.

BRADY, J.:

The appellant was subpœnaed to attend before a commissioner to give testimony in an action pending in the Superior Court of Sacramento county, California, but moved to vacate the process upon two grounds.

*First.* That there was no proof presented to the learned justice showing his materiality as a witness, and,

*Second.* That he was neither a resident nor sojourner in this State.

The motion was denied and hence this appeal.

The application in one respect was a complete misapprehension of the provisions of the Code relating to the subject, and was so treated throughout. Section 915 provides for the examination of a witness, when a commission has been issued for that purpose, in an action pending elsewhere, in which case the presentation of the commission requires the issuance of a subpœna. The justice of this court applied to has, then, nothing else whatever to do with the matter. If satisfied there is a commission, that is enough, and for the reason not only that it is so by the demands of the section mentioned, but for the reason that the issuance of the commission determines the materiality of the witness to be subpœnaed. It is only when a commission has *not* been issued (§ 917) that a question is presented as to such materiality. The motion for that reason should have been denied, unless it appeared, as required by section 916, that the witness did not reside or sojourn in this county. It is conceded that he lives in the State of New Jersey, but does business in this city. Does such a person sojourn here? He has a temporary residence or abode here undoubtedly during business hours, and this makes him a sojourner. (See Worcester and Webster.) Indeed, a sojourner has an abode less temporary than a man who goes daily

from his actual residence to a place where he does business for that place for certain purposes, and very important purposes, as one of temporary residence. The statute referred to contemplates the examination of a traveler temporarily residing or abiding in the county in which he is required to appear. The definition of sojourn by the authorities already cited is "a temporary residence, as that of a traveler in a foreign land ; ' a sojourner ;' to have a temporary abode ; to live as not at home." All that the statute designed to accomplish was to protect the witness from unnecessary inconvenience, by requiring his examination where he is, and a sojourner, even as a traveler, would be exposed to as little disturbance by a subpoena as possible. His examination there would be the least objectionable. If engaged in business, there can be no possible objection to his attendance at the place where he conducts it, and he becomes from that fact more than a sojourner. He is one with a fixed abode during the business hours of the day, sojourning not as a traveler, but a *quasi* resident for an object and an important one.

The order appealed from for these reasons should be affirmed, with ten dollars cost and the disbursements of the appeal.

DANIELS, J. :

I agree to the result on the ground that the witness to be examined has not been aggrieved or in any manner injuriously affected by the order. It was his duty to appear and testify as he was directed by the subpoena, especially after the order was made denying his application to set aside the subpoena. Section 1347 of the Code vested him with no authority to question the order by an appeal. I agree, therefore, to an affirmance of the order.

VAN BRUNT, P. J. :

I dissent. I cannot find that the court ever acquired any jurisdiction whatever over the appellant.

Order affirmed, with ten dollars costs and the disbursements of this appeal.