(25 Misc. Rep. 353.)

## In re GARVEY.[1]

(Supreme Court, Special Term, New York County. July, 1898.)

1. DEPOSITIONS—REQUIREMENT OF AFFIDAVIT FOR COMMISSION.

The facts and circumstances showing the materiality of the testimony of a witness need not be set forth under the requirement of Code Civ. Proc. § 915, that a subpœna shall be issued when a commission authorizing the testimony of a witness to be taken within the state for use without it shall be presented with proof, by affidavit, that the testimony of the witness is material to the party desiring it.

2. SAME—COMMISSION—AUTHENTICITY.

Under Code Civ. Proc. § 915, providing that a subpœna shall be issued when commission for taking the testimony of a witness in New York for use elsewhere, with a certain affidavit, shall be presented, the judge issuing the subpœna is not required to satisfy himself of the authenticity of the commission.

A commission was issued in an action pending in Illinois to take the deposition of James Duane Livingston in New York. On presentation of the same, with the affidavits of Isaac Edward Garvey and others, a subpœna was issued and served thereunder. On motion to vacate the subpœna. Denied.

Hawkins, Delafield & Sturgis, for plaintiff.

Sheehan & Collins, for defendant.

GIEGERICH, J. The subpœna served upon James Duane Livingston is sought to be vacated upon three grounds. The first is that the application for a subpœna was not made on behalf of any of the parties to the suit in which the commission to take testimony within the state was issued. It appears, however, from the uncontradicted averment contained in the affidavit of Isaac Edward Garvey, that such application was made in behalf of the defendants therein. It is next urged that there was no proof by affidavit that the testimony of the witness is material to the party seeking to take it, as required by section 915 of the Code of Civil Procedure. The affidavit of Mr. Matthew T. Johnston alleges, "upon information and belief, that the testimony of the witnesses above named is material to the defendant in the said action of James Duane Livingston v. The People's Gaslight & Coke Company, and necessary for the proper defense of said action. The sources of deponent's information, and the grounds of his belief

[1] Affirmed on appeal. See 53 N. Y. Supp. 476.

as to the materiality of the testimony of said witnesses, are corres--
pondence had between Seward, Guthrie, Steele, Esqs., the said Com--
missioner Isaac Edward Garvey, Esq., and Winston & Meagher, Esqs.,.
of Chicago, Illinois, attorneys for the said defendant, the People's-
Gaslight & Coke Company." It is claimed that this is insufficient,
because the facts and circumstances showing the materiality of the
testimony of the witness sought to be examined have not been shown;.
and a number of cases arising under section 872 of the Code of Civil
Procedure have been cited in support of the contention.    Such ad-
judications, however, in my opinion, have no application, for the rea-
son that rule 82 of the general rules of practice, requiring the facts
and circumstances to be specified, applies only to an examination
under sections 870–872 of the Code.    Moreover, it was held by
Brady, J., in Wittenbrock v. Mabins, 57 Hun, 146, 147, 10 N. Y. Supp.
733, that "the issuance of the commission determines the materiality
of the witness to be subpœnaed." It is further claimed (3) that the
commission was insufficient, on the ground that it was not authenti-
cated as required by section 905 of the Revised Statutes of the United
States.    Section 915 of the Code merely requires the production of
the commission, notice, or other paper authorizing the testimony to
be taken.    The commission in this matter is authenticated by the
seal of the court out of which it was issued, and the signature of the
clerk thereof.    Besides, the genuineness of the same is not questioned
by Mr. Livingston.    As was said by Brady, J., in Wittenbrock v.
Mabins, 57 Hun, 147, 10 N. Y. Supp. 733: "Section 915 provides for
the examination of a witness, when a commission has been issued for
that purpose, in an action pending elsewhere, in which case the presen-
tation of the commission required the issuance of a subpœna.    The
justice of this court applied to has, then, nothing else whatever to do
with the matter.    If satisfied there is a commission, that is enough."

It follows from these views that the motion should be denied, and
that the stay heretofore granted herein be vacated.    Order to be set-
tled on one day's notice.